<span style="color:red">Note change made by the Court (¶ 16).</span>

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RANDALL MAY INTERNATIONAL, INC., <br><br>  Plaintiff, <br><br> v. <br><br> PEARL CORPORATION, et al., <br><br>  Defendants, <br><br> and consolidated action. | SACV 13-00016 JVS(RNBx) <br> Consolidated with <br> SACV 13-04181 JVS(RNBx) <br><br> **[PROPOSED]** PROTECTIVE ORDER |

The Court, having considered the Stipulation to Entry of Protective Order duly executed by counsel for all parties and having determined good cause exists for entry of this Order, HEREBY ORDERS that the terms and conditions of this Protective Order shall govern the handling of discovery materials in the above-captioned litigation:

1. **Applicability of this Order**:  This Protective Order ("Order") will govern any and all discovery proceedings in this Litigation, including the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, expert declarations, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by and from a party or non-party in connection with this Litigation (this information hereinafter referred

to as "Discovery Material"). As used herein, "Producing Party" shall refer to the parties to this action that give testimony or produce documents or other information, and "Receiving Party" shall refer to the parties to this action that receive such information.

2. **Designation of Material**: Any Producing Party may designate Discovery Material that is in their possession, custody or control to be produced to a Receiving Party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential materials as defined in paragraphs 4 and 5 below.

3. **Good Faith**: Confidentiality designations shall be made in good faith. Discovery Material should not be designated for the purpose of delaying, obstructing, or interfering with the progress of this Litigation.

4. **Confidential Material**: For purposes of this Order, the parties may designate as "Confidential" all Confidential Material. Confidential Material is any information that a party believes in good faith to be confidential or sensitive information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

5. **Highly Confidential Material**: For purposes of this Order, the parties may designate as "Highly Confidential – Attorneys' Eyes Only" all Confidential Material that satisfies the requirements of paragraph 3 *and* which comprises or contains particularly sensitive information, including, but not limited to, trade secrets of a technical nature, such as non-public product design and testing information, product development plans, manufacturing methods, product formulas, or extremely sensitive, highly confidential, non-public business information, such as financial, regulatory, or strategic information, including marketing plans, customer lists, pricing plans, balance sheets, or supplier identities, or any other information of which unrestricted disclosure would put the Producing Party at a competitive disadvantage ("Highly Confidential Material").

6. **Designating Confidential Material or Highly Confidential Material**: The designation of Discovery Material as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order shall be made in the following manner:

    a. **Documents**:  In the case of documents or other materials (apart from depositions, court filings or other pre-trial testimony), designation shall be made by conspicuously affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page containing any Confidential or Highly Confidential Material, respectively.

    b. **Depositions**:  In the case of depositions, designation of the portion of the transcript (including exhibits) that contains Confidential or Highly Confidential Material shall be made (i) by statement to such effect on the record during the deposition in which the testimony is received, or (ii) by written notice served on counsel of record in this Litigation within thirty (30) business days after the receipt of the draft transcript of such deposition.  However, before such thirty (30) day period expires, all testimony, exhibits and transcripts of depositions shall be treated as if designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    c. **Non-Written Materials**:  Any non-written Confidential or Highly Confidential Material (e.g., videotape, audio tape, computer disk, etc.) may be designated as such by conspicuously affixing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the outside of such non-written material.

    d. **Court Documents**:  In the case of affidavits, briefs, memorandum, pleadings, or other documents filed with the Court in this Litigation, or discovery requests or responses served on a party, designations shall be made by conspicuously affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the face of each court document or discovery response.

7. **Inadvertent Disclosure**:  The inadvertent failure to designate Discovery

Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of the inadvertent disclosure, with the effect that such Discovery Material will be subject to the protections of this Order.  The Receiving Party shall exercise good faith efforts to ensure that copies it makes of Discovery Material produced to it, and copies made by others who obtained such Discovery Material directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent that the Discovery Material has been marked with the appropriate confidentiality legend by the Producing Party.

8. **Notes of Confidential Material or Highly Confidential Material**:  Any notes, lists, memoranda, indices, or compilations prepared or based on an examination of Confidential Material or Highly Confidential Material shall be accorded the same status of confidentiality as the underlying Confidential Material or Highly Confidential Material from which they are made and shall be subject to all of the terms of this Protective Order.

9. **Notice to Non-Parties**:  Any Party issuing a subpoena to a non-party shall enclose a copy of this Protective Order with a request that, within ten (10) calendar days, the non-party either request the protection of this Protective Order or notify the issuing party that the non-party does not need the protection of this Protective Order or wishes to seek different protection.

10. **Persons Authorized to Receive Confidential Information**:  Discovery Material designated "CONFIDENTIAL" shall not be disclosed, summarized, described, or otherwise communicated or made available in whole or in part to any person or entity, directly or indirectly, other than the following:

    a. Judges, Magistrates, law clerks, and other clerical personnel of the Court before which this Litigation is pending, including court reporters employed to transcribe testimony or argument at a hearing, trial, or deposition in this Litigation or any appeal therefrom;

    b. Counsel of record in this Litigation, as well as attorneys, paralegals, administrative and clerical employees working under the direct supervision

of such counsel;

c. Subject to paragraph 12 hereof, independent experts or consultants assisting any counsel of record in this Litigation, provided such experts and consultants have completed and signed the "Undertaking Concerning Disclosure of Information Covered by Stipulated Protective Order" attached hereto as Exhibit A;

d. Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits, provided such services have signed the "Undertaking Concerning Disclosure of Information Covered by Stipulated Protective Order" attached hereto as Exhibit A;

e. Commercial copy vendors retained by counsel for purposes of this Litigation, provided such vendors have signed the "Undertaking Concerning Disclosure of Information Covered by Stipulated Protective Order" attached hereto as Exhibit A;

f. Any person indicated by a document marked "CONFIDENTIAL" to be the author, addressee, or copy recipient of the Confidential Material, or as to whom there has been testimony, whether at deposition or trial, or by declaration or affidavit, that the person was the author or recipient of the Confidential Material;

g. During their deposition, witnesses in this Litigation who agree on the record to maintain the confidentiality of relevant documents or information shown to them or who have completed and signed the "Undertaking Concerning Disclosure of Information Covered by Stipulated Protective Order" attached hereto as Exhibit A (except that persons described in sub-paragraph (f) above do not need to sign Exhibit A to be shown Confidential Material);

h. Any other person, only upon order of the Court or upon stipulation in writing, who has signed the "Undertaking Concerning Disclosure of Information Covered by Stipulated Protective Order" attached hereto as

        Exhibit A; and

    i. Randall May and Lauren May on behalf of Plaintiff Randall May International, Inc., and Terry West and Gene Okamoto on behalf of Defendants Pearl Corporation and Pearl Musical Instrument Company. As needed, the parties can identify additional company representatives to receive information pursuant to this provision but must do so in writing to the Producing Party.

11. **Persons Authorized to Receive Highly Confidential Material**: Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed, summarized, described, or otherwise communicated or made available in whole or in part to any person or entity, directly or indirectly, other than the following:

    a. Judges, Magistrates, law clerks, and other clerical personnel of the Court before which this Litigation is pending, including court reporters employed to transcribe testimony or argument at a hearing, trial, or deposition in this Litigation or any appeal therefrom;

    b. Counsel of record in this Litigation, as well as attorneys, paralegals, administrative and clerical employees working under the direct supervision of such counsel;

    c. Subject to paragraph 12 hereof, independent experts or consultants assisting any counsel of record in this Litigation, provided such experts and consultants have completed and signed the "Undertaking Concerning Disclosure of Information Covered by Stipulated Protective Order" attached hereto as Exhibit A;

    d. Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits, provided such services have signed the "Undertaking Concerning Disclosure of Information Covered by Stipulated Protective Order" attached hereto as Exhibit A;

    e. Commercial copy vendors retained by counsel for purposes of this Litigation, provided such vendors have signed the "Undertaking

Concerning Disclosure of Information Covered by Stipulated Protective Order" attached hereto as Exhibit A;

    f. Any person indicated by a document marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to be the author, addressee, or copy recipient of the Confidential Material, or as to whom there has been testimony, whether at deposition or trial, or by declaration or affidavit, that the person was the author or recipient of the Confidential Material;

    g. During their deposition, witnesses in this Litigation to whom disclosure is reasonably necessary and who have signed the "Undertaking Concerning Disclosure of Information Covered by Stipulated Protective Order" attached hereto as Exhibit A (except that persons described in sub-paragraph (f) above do not need to sign Exhibit A to be shown Highly Confidential Material); and

    h. Any other person, only upon order of the Court or upon stipulation in writing, who has signed the "Undertaking Concerning Disclosure of Information Covered by Stipulated Protective Order" attached hereto as Exhibit A.

12. **Qualification of Outside Experts and Consultants**: Neither Confidential Material nor Highly Confidential Material shall be disclosed to any independent experts or consultants who are current employees of a direct competitor of any of the parties named in this Litigation. With respect to independent experts or consultants who were employed by a direct competitor of any of the named parties to this Litigation within one (1) year from the date of this Order, Confidential Material or Highly Confidential Material may be shared with those experts or consultants only after (a) counsel for the opposing party is given at least twenty (20) days prior written notice of the identity of the expert or consultant to whom such Confidential Material or Highly Confidential Material is to be disclosed (including his or her name, address, current job title and the names of any direct competitors by which he has been employed), (b) counsel for the opposing party is afforded the opportunity to object to the disclosure of the Confidential Material or Highly

Confidential Material, and (c) a resolution of any such objection has been reached. Confidential Material and Highly Confidential Material may be provided to experts or consultants only for the purpose of aiding, assisting, or allowing such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel of record in this Litigation.

13. **Undertaking Must Be Signed Prior to Disclosure**: Each person to whom Confidential Material or Highly Confidential Material may be disclosed that is also required to sign the "Undertaking Concerning Disclosure of Information Covered by Stipulated Protective Order" (attached hereto as Exhibit A) pursuant to Paragraphs 10(c)-(e), 10(g)-(h), 11(c)-(e), 11(g), and 11(h) shall do so prior to the time such Confidential Material or Highly Confidential Material is disclosed to him or her.

14. **Exclusion of Individuals from Depositions**: Counsel for any Producing Party shall have the right to exclude from depositions any person who is not authorized by this Protective Order to receive documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," but only during periods of examination or testimony directed to or comprising information that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

15. **Use of Discovery Material**: Discovery Material containing Confidential and/or Highly Confidential Material, and any summaries, copies, abstracts, or other documents derived in whole or in part from Confidential and/or Highly Confidential Material, shall be used solely for the purpose of the prosecution, defense, or settlement of this Litigation, including any appeal and retrial.

16. **Storage of Confidential Material and Highly Confidential Material**: The Receiving Party of any Confidential Material or Highly Confidential Material that is provided pursuant to this Protective Order shall maintain such information in a reasonably secure and safe manner that ensures that access is limited to the persons authorized under Paragraphs 10 and 11 of this Protective Order.  <u>This paragraph does not apply to documents filed or lodged with the Court.</u>

17. **Filing of Confidential Material and Highly Confidential Material**: In

accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

18. **No Prejudice**: Agreeing to be bound by this Protective Order, agreeing to and/or producing or receiving Confidential Material or Highly Confidential Material or otherwise complying with the terms of this Order shall not:

   a. Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Material or Highly Confidential Material;

   b. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

   c. Prejudice in any way the rights of a party to seek determination by the Court whether any Confidential Material or Highly Confidential Material should be subject to the terms of this Order;

   d. Prejudice in any way the rights of a party to petition the Court for a protective order relating to any purportedly confidential information; or

   e. Prevent a Producing Party from authorizing disclosure of its own Confidential Material or Highly Confidential Material to any other party.

19. **Challenging Designation of Materials**: If, at any time during this Litigation, any party believes that any other party or non-party has unreasonably designated certain materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or believes that it is necessary to disclose designated material to persons

1  other than those permitted by this Order, and, upon notification from the objecting party in
2  writing, the producing party does not agree to change the designation or to the further
3  disclosure, the objecting party may make an appropriate application to this Court upon
4  notice to all parties and to any non-party who designated the material requesting that the
5  specifically identified designated material be released from restriction under this Order or
6  be available to specified other persons.  Any motion challenging a designation or
7  requesting further disclosure shall be made in strict compliance with Local Rules 37-1 and
8  37-2, including filing a Joint Stipulation per Local Rule 37-2.2.  The Producing Party will
9  have the burdens of proof and persuasion in moving for a Protective Order (per Local Rule
10 37-2) to uphold the challenged designations.  Any challenged designation remains in force
11 until the propriety of such designation has been decided by agreement of the Producing
12 Party and Receiving Party or by the Court.

13       20.    **Public or Otherwise Available Information**:  This Order shall not limit or
14 restrict a Receiving Party's use of information that the Receiving Party can demonstrate:
15 (i) was lawfully in the Receiving Party's possession prior to such information being
16 designated as protected material in this Litigation and that the Receiving Party is not
17 otherwise obligated to treat as confidential; (ii) was obtained without any benefit or use of
18 protected material from a third party having the right to disclose such information to the
19 Receiving Party without restriction or obligation of confidentiality; (iii) was independently
20 developed by it after the time of disclosure by personnel who did not have access to the
21 Producing Party's protected material; or (iv) has been published to the general public.

22       21.    **No Waiver of Privilege**:  Disclosure (including production) of information
23 that a Producing Party or non-party later claims should not have been disclosed because of
24 a privilege, including, but not limited to, the attorney-client privilege or work product
25 doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any
26 claim of attorney-client privilege, attorney work-product, or other ground for withholding
27 production as to which the Producing Party would be entitled in this Litigation or any other
28 federal or state proceeding.  This Order is intended to provide the full protection afforded
   by Federal Rule of Evidence 502(d).  Upon discovery by a Producing Party (or upon receipt

of notice from another party) that the Producing Party may have produced Privileged Information, the Producing Party shall, within ten (10) days of such discovery, request the return or destruction of such information in writing by identifying the Privileged Information and stating the basis on which the Privileged Information should be withheld from production.  After being notified, all other Parties must promptly return or destroy the Privileged Information and any copies thereof; must not use or disclose the Privileged Information until the claim is resolved; must take reasonable steps to retrieve the Privileged Information if the Receiving Party disclosed the Privileged Information before being notified of its inadvertent disclosure; and must, within ten (10) days of being notified of the inadvertent disclosure, confirm in writing that the Privileged Information has been returned or destroyed.  If the Receiving Party disputes the privilege claim, the Receiving Party shall notify the Producing Party of the dispute and the basis therefore in writing within ten (10) days of being notified of the inadvertent disclosure.  In the event the Parties do note resolve their dispute over the privilege claim, either Party may bring a motion for determination of whether a privilege applies.  If such a motion is made, the Producing Party shall submit a copy of the disputed material under seal with its motion papers to the Court for *in camera* review.  The submission to the Court shall not constitute a waiver of any privilege or protection.  The Producing Party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved.

22. **Protective Order Remains in Force**: This Protective Order shall remain in force and effect until modified, superseded, or terminated by written consent of the parties or by order of the Court made upon reasonable written notice.  Unless otherwise ordered, or agreed upon by the parties, this Protective Order shall survive the termination of this action.  The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate.

23. **No Prejudice for Further Relief**: This Protective Order is without prejudice to the right of any party to seek other or further relief from the Court.

24. **No Waiver of Objections to Production**: This Protective Order shall not be

construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness, or other grounds for not producing requested information, and access to such material shall be only as otherwise provided by the discovery rules and other applicable laws.

25. **Conclusion of Litigation**: Within ninety (90) days after receiving notice of the entry of an order, judgment or decree finally disposing of this Litigation, all persons having received Confidential Material or Highly Confidential Material shall either return such material and all copies thereof to counsel for the Producing Party, or destroy all such Confidential Material and Highly Confidential Material and, in either case, certify that fact in writing to counsel for the Producing Party.  Counsel of record shall make arrangements for the return of Confidential Material and Highly Confidential Material that counsel of record provided to qualified persons or entities as set forth in Paragraphs 10 and 11, except the Court, court personnel and court reporters.  Outside counsel of record for the parties shall be entitled to retain court papers, depositions, trial transcripts and attorney work product, provided that such outside counsel of record shall not disclose Confidential Material or Highly Confidential Material to any person except pursuant to a court order or agreement with the party that produced the Confidential Material or Highly Confidential Material.  All material returned to the parties or their counsel by the Court shall likewise be disposed of in accordance with this Order.

26. **Protected Material Subpoenaed or Ordered Produced in Other Actions**: If a Receiving Party is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") in any other action, investigation, or proceeding, and such Demand seeks Discovery Material that was produced or designated as Confidential Material or Highly Confidential Material by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or facsimile transmission within ten (10) business days of receipt of such Demand to the Producing Party who designated the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and shall object to the production of such materials on the grounds of the existence of this Order.  The burden of opposing the enforcement of the

Demand shall fall upon the Producing Party who designated the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Unless the Producing Party who designated the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" obtains an order directing that the Demand not be complied with, and serves such order upon the Receiving Party prior to production pursuant to the Demand, the Receiving Party shall be permitted to produce documents responsive to the Demand on the Demand response date. Compliance by the Receiving Party with any order directing the production pursuant to the Demand of any Confidential Material or Highly Confidential Material shall not constitute a violation of this Order. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

27. **Advice Based on Discovery Material Allowed**: Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this litigation and, in the course of rendering advice, referring to or relying generally on the examination of Confidential Material or Highly Confidential Material; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not disclose the contents of any Confidential Material or Highly Confidential Material produced by another party if that disclosure would be contrary to the terms of this Protective Order.

28. **Redaction**: Any Producing Party may redact from the documents and things it produces material that the Producing Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity. The Producing Party shall mark each thing where matter has been redacted with a legend stating "REDACTED," as appropriate, or a comparable notice. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. The Producing Party shall preserve an unredacted version of each such document.

29. **Violations of Protective Order**: In the event that any person or party should violate the terms of this Protective Order, the aggrieved Producing Party should apply to

1 the Court to obtain relief against any such person or party violating or threatening to violate
2 any of the terms of this Protective Order.  In the event that the aggrieved Producing Party
3 seeks injunctive relief, it must petition the Court for such relief, which may be granted at
4 the sole discretion of the Court.  The parties and any other person subject to the terms of
5 this Protective Order agree that this Court shall retain jurisdiction over it and them for the
6 purposes of enforcing this Protective Order.

7     30. **Headings**: The headings herein are provided only for the convenience of the
8 parties.  They are not intended to define or limit the scope of the express terms of this
9 Protective Order.

10     31. **Amendment or Modification**: This Order may only be amended or modified
11 by written stipulation of the Parties or by a further order of this Court.  No modification or
12 amendment of this Order pursuant to a written stipulation of the Parties shall have the force
13 or effect of Court order unless the Court approves the modification or amendment.

15 Dated:  November 26, 2013

_____
Robert N. Block
United States Magistrate Judge

Dated: November 26, 2013

Respectfully stipulated to and submitted by,

**ONE LLP**

By: */s/ Kainoa Asuega*
Lester J. Savit
Peter R. Afrasiabi
Christopher W. Arledge
Kainoa Asuega
*Attorneys for Plaintiff*

**BUCHALTER NEMER**
**A Professional Corporation**

By: */s/ Steven Brower*
BUCHALTER NEMER
A Professional Corporation
Steven Brower (SBN: 93568)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (949) 760-1121
Fax: (949) 720-0182
Email: sbrower@buchalter.com

BASS, BERRY & SIMS, PLC
Terry Clark (admitted *pro hac vice*)
Brian Iverson (admitted *pro hac vice*)
1201 Pennsylvania Avenue NW, Suite 300
Washington, D.C. 20004
Telephone: (202) 827-2950
Fax: (202) 478-0792
Email: tclark@bassberry.com
biverson@bassberry.com

*Attorneys for Defendants and Counterclaimants Pearl Corporation and Pearl Musical Instrument Company*

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL MAY INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> PEARL CORPORATION, et al., <br><br> Defendants, <br> and consolidated action | SACV 13-00016 JVS(RNBx) <br> Consolidated with CV 13-04181 JVS(RNBx) <br><br> **UNDERTAKING CONCERNING DISCLOSURE OF INFORMATION COVERED BY STIPULATED PROTECTIVE ORDER** |

UNDERTAKING OF _____

I, _____, hereby declare that:

1. My address is _____.

2. My present employer is _____, and the address of my present employment is: _____.

3. My present job or occupation is: _____.

4. I received a copy of the Stipulated Protective Order entered in this action (Case No. 13-00016 JVS (FMOx) by the United States District Court for the Central District of California) (hereinafter, "Protective Order").

5. I carefully read and had the terms of the Protective Order explained to be by my attorney or an attorney of record.

6. I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

7. As a condition of access to Confidential or Highly Confidential Material, I agree that I shall be bound by and comply with all the terms of the Protective Order, including those terms limiting disclosure and use of Confidential and Highly Confidential Material.

8. I agree to hold in confidence and not further disclose or use for any purpose (other than is permitted by the Protective Order) any Confidential or Highly Confidential Material disclosed to me pursuant to the terms of the Protective Order.

9. I agree that I shall return all such Confidential or Highly Confidential Material that comes into my possession to the counsel or party that provided the material to me.

10. I understand that a violation of this undertaking is subject to relief as deemed appropriate by the Court and hereby submit to the jurisdiction of the United States District Court for the Central District of California for resolution of any matters pertaining to the Protective Order, including its enforcement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ____ day of _____, 20___, in _____.


Signed: _____